**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JISMON N. MATHAI,**

    **Plaintiff,**

v.                                                    **Case No.:** _____

**CENTENNIAL BANK,**

    **Defendant.**

_____/

**DEFENDANT CENTENNIAL BANK'S
NOTICE AND PETITION FOR REMOVAL**

Defendant, Centennial Bank ("Defendant"), through its undersigned counsel, and in accordance with the Federal Rules of Civil Procedure, Rule 4.02 of the Local Rules of the United States District Court for the Middle District of Florida, and Title 28 of the United States Code §§ 1332, 1441 and 1446, files this Notice of and Petition for Removal.  Defendant requests that this Court remove the civil action filed by Plaintiff Jismon Mathai ("Plaintiff"), in the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division.  The grounds for removal of this action are set forth below.

**I.    BACKGROUND**

1. Plaintiff filed a Complaint and Demand for Jury Trial in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, under the name and style, *Jismon N. Mathai v. Centennial Bank* (the "Circuit Court Case").  The Circuit Court Case

was assigned Case Number 20-CA-1512.  A true and correct copy of all documents filed in the Circuit Court Case are attached as **Composite Exhibit A**.

    2.    On February 21, 2020, Defendant was served with Plaintiff's Complaint.

    3.    The Complaint seeks relief for alleged national origin and race discrimination and retaliation in violation of the Florida Civil Rights Act (the "FCRA").  Plaintiff seeks to be awarded all damages that are available under these causes of action, which include lost wages and benefits, compensatory damages, interest, costs, and attorneys' fees.  (*See* Complaint that is part of Composite Exhibit A).

## II.    COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

    4.    This Court has jurisdiction over Plaintiff's state law causes of action because diversity of citizenship exists and, as set forth in Section III, the amount of controversy exceeds $75,000.

    5.    Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed.  *Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 571 (2004).

    6.    Plaintiff alleges that he was, at the time of the filing of the Complaint, a resident of Hillsborough County in the State of Florida, and that he was employed by Defendant in Hillsborough County, Florida. *See* Complaint at ¶¶ 1, 2.

    7.    Defendant Centennial Bank is an Arkansas corporation with its principal place of business in Arkansas. *See* Declaration of Michelle Fulmer at ¶ 2, attached hereto as **Exhibit B.**

8.  Pursuant to 28 U.S.C. § 1332(c)(1), "[a] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . .".

9.  There is complete diversity of citizenship between Plaintiff and Defendant in this action because Plaintiff is a citizen of the State of Florida and Defendant is incorporated in Arkansas and has its principal place of business in Arkansas.  See **Exhibit B**.  See *Hertz Corp. v. Friend*, 130 U.S. 1181, 1192-93 (2010) (the principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities.").

### III.  AMOUNT IN CONTROVERSY

10.  Pursuant to 28 U.S.C. § 1446, as amended, the notice of removal may assert the amount in controversy, and removal is proper if the district court finds that Defendant has plausibly alleged that the amount in controversy exceeds $75,000.  *Federated Mut. Ins. Co. v. McKinnon Motors, LLC* 329 F.3d 805, 807 (11th Cir. 2003).

11.  In *Dart Cherokee Basin Operating Co. v. Owens*, the United States Supreme Court explained that a defendant need only provide a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold.  135 S. Ct. 547, 554-55 (2014) (citing 228 U.S.C. § 1446(a)).  Only when the plaintiff or the Court questions the allegation is a defendant required to present evidence establishing that the amount in controversy requirement is met.  *Id.*

12.  If a plaintiff challenges jurisdiction, a removing defendant is not required to "prove the amount in controversy beyond all doubt or to banish all uncertainty about it," but simply has to show, by preponderance of the evidence, that the threshold is satisfied.  *Thomas*

*v. Family Dollar Stores of Fla., Inc.,* No. 8:17-cv-583, 2017 U.S. Dist. LEXIS 65963, at *3-4 (M.D. Fla. May 1, 2017) (denying plaintiff's motion to remand).

13.     In his Complaint, Plaintiff indicates that the amount in controversy currently exceeds $30,000.00.  *See* Complaint at ¶ 3.

14.     Under the FCRA, if Plaintiff prevails in this matter, the Court may issue "an order prohibiting the discriminatory practice and providing affirmative relief from the effects of the practice, including back pay.  The court may also award compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, and punitive damages." Fla. Stat. § 760.11(5).  Additionally, the Court, "in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs." *Id.*

15.     While courts may not speculate or guess as to the amount in controversy, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Cowan v. Genesco, Inc.*, No. 3:14-cv-261-J-34JRK, 2014 U.S. Dist. LEXIS 95412, at *6 (M.D. Fla. Jul. 14, 2014) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).  A court "need not suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Pretka*, 608 F.3d at 770 (internal quotations and citations omitted).  If a "removing defendant makes specific factual allegations establishing jurisdiction and can support them . . . with evidence combined with reasonable deductions,

reasonable inferences, or other reasonable extrapolations[,] that kind of reasoning is not akin to conjecture, speculation, or star gazing." *Id.* at 754.

> [W]hen it is clear that the jurisdictional minimum is likely met, a district court should acknowledge the value of the claim, even if it is unspecified by the plaintiff. To do otherwise would abdicate the court's statutory right to hear the case, and reward a plaintiff for 'employing the kinds of manipulative devices against which the Supreme Court has admonished [courts] to be vigilant.'

*Cowan*, 2014 U.S. Dist. LEXIS 95412 at *7-8.

16.     The amount in controversy is "less a prediction of how much the plaintiffs are ultimately likely to recover, than it is an estimate of how much will be put at issue during the litigation; in other words, the amount is not discounted by the chance that the plaintiffs will lose on the merits." *Pretka*, 608 F.3d at 751 (internal quotation marks omitted).

### A.     Plaintiff's Alleged Back Wages and Front Pay

17.     Under the FCRA, a successful plaintiff is presumptively entitled to back pay, which is calculated from the date of the adverse employment action until the date of judgment. *Nord v. United States Steel Corp.*, 758 F.2d 1462, 1572-73 (11th Cir. 1985);[1] *Fusco v. Victoria's Secret Stores, LLC*, 806 F. Supp. 2d 1240, 1244 (M.D. Fla. 2011) (back pay damages may be calculated through the proposed date of trial).

18.     Estimating that this case will proceed to trial within eighteen months after the filing of the Complaint on February 18, 2020, the first day of trial would presumptively be Wednesday, August 18, 2021. *Wineberger v. Racetrac Petroleum, Inc.*, No. 5:14-cv-653-Oc-30PRL, 2015 U.S. Dist. LEXIS 5570, at *8 n.3 (M.D. Fla. Jan. 16, 2015), *aff'd*, 672 Fed. Appx.

---

[1] FCRA claims are analyzed using the same standards as Title VII. *DuChateau v. Camp, Dresser & McKee, Inc.*, 713 F.3d 1298, 1302 (11th Cir. 2013).

5

914, 2016 U.S. App. LEXIS 21417 (11th Cir. 2016) (accepting the defendant's proposed two-year estimated trial date from the filing of the complaint); *Destel v. McRoberts Protective Ag., Inc.*, No. 03-62067-CIV-LENARD/SIMONTON, 2004 U.S. Dist. LEXIS 6735, at *10 (S.D. Fla. Feb. 17, 2004) (accepting the defendant's calculations based on the parties' proposed trial date).

19. At the time of his termination, Plaintiff annual salary was $78,030.11, with an average weekly wage of $1,500.58. If Plaintiff continued to be paid a weekly wage of $1,500.58 between June 16, 2019 (his last day worked) and August 18, 2021 (the reasonably anticipated trial date), he would have earned approximately $170,200.00. *See* **Exhibit B**.[2]

20. Additionally, successful plaintiffs in FCRA actions are entitled to front pay. § 760.11(5), Fla. Stat.; *Armstrong v. Charlotte Cty. Bd. of Cty. Comm'rs*, 273 F. Supp. 2d 1312, 1315 (M.D. Fla. 2003). "Front pay is simply money awarded for lost compensation during the period between judgment and reinstatement or in lieu of reinstatement." *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 846 (1946).

21. Presuming six months of front pay at an average weekly wage of $1,500.58, Plaintiff's front pay would total at least $36,000.00.

22. Thus, the combined alleged damages for back pay and front pay are, at a minimum, $206,200.00, easily satisfying the amount in controversy requirement.

---

[2] If the Court determines it is only appropriate to calculate back pay at the time of removal, Plaintiff's back pay damages would be approximately $57,879.51.

### B.     Plaintiff's Alleged Compensatory and Punitive Damages

23.     Plaintiff seeks to recover compensatory damages and punitive damages, all of which may be considered in the Court's determination of the amount in controversy for diversity jurisdiction purposes.[3]  *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001).  Plaintiff's demand for punitive damages, like his demand for compensatory damages, is general in nature.

24.     Awards of compensatory damages are uncapped under the FCRA and can meet or exceed $75,000.  Fla. Stat. § 760.11(5).  The potential value of garden-variety emotional distress damages in a single plaintiff claim may approximate $75,000 alone.  *See Schmidt v. The Pantry, Inc.*, 2012 U.S. Dist. LEXIS 53530, *10 (N.D. Fla. 2012) (citing other single plaintiff claims under the FCRA resulting in emotional distress awards of $150,000, $457,000, $60,000, $75,000, and $100,000, and holding that, "for purposes of determining the amount in controversy, a defendant may satisfy its burden by submitting evidence of damages from decisions in comparable cases.").

25.     Under the FCRA, punitive damages are recoverable but limited to $100,000.  Fla. Stat. § 760.11(5).  Any inquiry into whether [the plaintiff] *would* actually recover these amounts is unnecessary and inappropriate.  *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 732 (11th Cir. 2014).

---

[3]  When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (citations omitted); *see also Ryan v. State Farm Mut. Auto. Ins. Co.*, 934 F.2d 276, 277 (11th Cir. 1991) (holding that a complaint alleging $100,000 in punitive damages satisfied the jurisdictional amount in controversy because the jury could have awarded that much in punitive damages under the relevant state law).

26. In *McDaniel v. Fifth Third Bank*, the Eleventh Circuit approved of a calculation of the amount in controversy, for purposes of removal, that included the amount of compensatory damages in controversy, as well as the maximum amount of punitive damages allowed under Florida law for the particular claims. *Id.;* s*ee also Bell v. Preferred Life Assur. Soc. Of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint[,] each must be considered to the extent claimed in determining jurisdictional amount.").

27. Thus, Plaintiff's compensatory and punitive damages alone satisfy the amount in controversy.

### C. Plaintiff's Attorneys' Fees

28. Finally, Plaintiff seeks recovery for attorneys' fees and costs. (Pl.'s Compl. at the Prayer for Relief).

29. The FCRA provides that "in any action or proceeding under this subsection, the court, in its discretion, may allow the prevailing party a reasonable attorneys' fee as part of the costs." § 760.11(5), Fla. Stat.

30. Because Plaintiff claims a statutory entitlement to attorneys' fees if he succeeds in this case, the amount of those fees is properly included in the amount in controversy. *Brown v. Cunningham Lindsey U.S., Inc.*, No. 3:05-cv-141-J-32HTS, 2005 U.S. Dist. LEXIS 38862, at *13 (M.D. Fla. May 11, 2005); *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000).

31. Here, Plaintiff's counsel could be expected to expend at least 200 hours litigating this case, which would include numerous depositions, drafting and answering

discovery, time spent briefing in opposition to a motion for summary judgment, and preparing for and attending a three-to-five-day trial. Even at an hourly rate of $300,[4] Plaintiff would incur at least $60,000 in attorneys' fees. *See e.g.*, *Alshakanbeh v. Food Lion, LLC*, No. 3:06-cv-1094-J-12HTS, 2007 U.S. Dist. LEXIS 20746, at *6 (M.D. Fla. Mar. 23, 2007) (finding an estimate of $40,000 in attorneys' fees in an employment discrimination case reasonable); *Holland v. Gee*, No. 8:08-cv-2458-T-33AEP, 2012 U.S. Dist. LEXIS 164956, at *23 (M.D. Fla. Oct. 23, 2012) (granting plaintiff's motion for attorneys' fees in Title VII and FCRA case in the amount of $112,203).

32. In the present case, Plaintiff's alleged damages include lost wages, compensatory damages, interest, costs and attorneys' fees. Plaintiff's alleged damages vastly exceed the jurisdictional threshold to satisfy the grounds for diversity removal. Therefore, removal is proper. *See Cunningham Lindsey*, 2005 U.S. Dist. LEXIS at *9-17 (denying plaintiff's motion for remand, finding that the allegations brought by the plaintiff satisfied the amount in controversy where damages alleged included (1) back pay in excess of $40,000, (2) the value of a training course, (3) attorneys' fees, and (4) reinstatement/front pay and, although the amount was already satisfied by the above-listed elements, (5) the plaintiff's punitive damages and (6) emotional distress damages, which further increased the amount in controversy above the threshold).

---

[4] $300 an hour is an appropriate rate for Plaintiff's counsel, James Thompson and Kathryn Hopkinson, who have been practicing law in Florida for 22 and 8 years, respectively. *See e.g.*, *Fielder v. Shinseki*, No. 8:07-cv-1524-T-TBM, 2010 U.S. Dist. LEXIS 50053, at *11 (M.D. Fla. Apr. 26, 2010) (finding that trial counsel typically billed $300.00 to $400.00 per hour for Title VII matters and concluding that an hourly rate of $350.00 per hour was reasonable for two attorneys with over thirty years of experience).

## IV. VENUE

33. The United States District Court for the Middle District of Florida, Tampa Division, encompasses Hillsborough County where Plaintiff filed his Complaint. Therefore, removal to this Court is proper pursuant to 28 U.S.C. § 1446(a).

## V. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

34. This Notice of Removal has been timely filed within thirty (30) days after Defendant's receipt of the initial pleading setting forth the claim for relief upon which removal is based. *See* 28 U.S.C. §1446(b).

35. Copies of all process, pleadings, and orders served upon Defendant are attached to this Notice of Removal as **Composite Exhibit A**, as required by 28 U.S.C. Section 1446(a).

36. Pursuant to 28 U.S.C. Section 1446(d), Defendant has provided written Notice of the Removal to all parties in this action, and filed a copy of this Notice of Removal in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

WHEREFORE, Defendant Centennial Bank removes the Circuit Court Case to this Court.

DATED this 12th day of March, 2020.

Respectfully submitted by:

**JACKSON LEWIS P.C.**

*/s/ Andrew R. Lincoln*
Andrew R. Lincoln, Esq.
Florida Bar No: 0069588
E-mail: andrew.lincoln@jacksonlewis.com
Emily C. Ayvazian, Esq.
Florida Bar No. 1005563
E-mail: emily.ayvazian@jacksonlewis.com

        Wells Fargo Center
        100 S. Ashley Drive, Suite 2200
        Tampa, Florida 33602
        Telephone:    813-512-3210
        Facsimile:    813-512-3211

*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 12th day of March, 2020, a true and correct copy of *Defendant Centennial Bank's Notice and Petition for Removal* was filed with the Clerk of Court, United States Middle District of Florida – Tampa Division and a true and correct copy was provided via regular U.S. mail and e-mail to Plaintiff's counsel: Kathryn C. Hopkinson, Esq., khthompsonlegal@gmail.com, and James M. Thompson, Esq., jmthompsonlegal@gmail.com; 777 S. Harbour Island Blvd., Ste 245, Tampa, Florida 33602.

        */s/ Andrew R. Lincoln*
        Attorney

4845-0363-6406, v. 1