IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
CIRCUIT CIVIL DIVISION

JISMON N. MATHAI,
    Plaintiff,

vs.

CENTENNIAL BANK,
    Defendant.
_____/

CASE NO.:
DIVISION:

COMPLAINT FOR DAMAGES
JURY TRIAL DEMANDED

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff JISMON N. MATHAI does hereby sue Defendant CENTENNIAL BANK and does state as follows:

## GENERAL ALLEGATIONS

1. Defendant CENTENNIAL BANK (hereinafter "Centennial" and/or "Defendant Centennial") is a foreign corporation engaged in business in Hillsborough County, Tampa, Florida.

2. Plaintiff JISMON N. MATHAI (hereinafter "Plaintiff Mathai") is a former employee of Defendant, working in Hillsborough County, Florida and at all times relevant was and is a Hillsborough County, Florida resident.

3. The amount in controversy currently exceeds $30,000.00.

4. Plaintiff Mathai is an Asian/Indian male.

5. Plaintiff Mathai, at all relevant times, was over the age of 40.

6. Plaintiff Mathai was interviewed and hired by Credit Manager Jon Beaudin as a Credit Analyst III on or around May 11, 2016.

7. Plaintiff Mathai adequately performed his job functions without incident or writeup throughout his employment.

8. On or around April 30, 2018, co-worker Kim Ave was promoted to Credit Manager.

Page 1 of 11

9. Ms. Ave was part of a merger between Defendant and Stonegate Bank.

10. On or around October, 1 2018, Plaintiff Mathai's younger, non-Asian/Indian co-worker with significantly less experience, Matt Clarke, was promoted to Senior Credit Analyst and became Plaintiff Mathai's direct supervisor.

11. Plaintiff Mathai was significantly more qualified than Mr. Clarke.

12. Shortly after Mr. Clarke began supervising Plaintiff Mathai, Plaintiff Mathai was treated differently in terms and conditions than his younger, non-Asian/Indian co-workers.

13. Below are several examples of the disparate treatment Plaintiff Mathai was subjected to:

   a. passed over for promotions;

   b. written up for minor infractions that others were not;

   c. put under a microscope;

   d. work received increased scrutiny;

   e. incorrect and false performance evaluations which caused loss of bonuses and pay raises;

   f. 30-day probation for false reasons.

   g. This list is not exhaustive.

14. In or around the end of 2018, Plaintiff Mathai complained of this discriminatory and harassing treatment to Human Resources.

15. Throughout December of 2018, and the beginning of 2019, Plaintiff Mathai complained several times to both Mr. Clarke and Ms. Ave's manager, Diane Rasmussen and to Human Resources.

16. Defendant immediately began retaliating against Plaintiff Mathai for engaging in legally protected activity.

17. Mr. Clarke would do everything in his power to make Plaintiff Mathai feel like an outsider and that he was not wanted with the Company anymore because of his being Asian/Indian and for having complained of discrimination.

18. Mr. Clarke increased his already extreme scrutiny over Plaintiff Mathai's work and intensified his false write ups of Plaintiff Mathai.

19. Plaintiff Mathai was in very close contact with Human Resources throughout this time period.

20. In or around March of 2019, Plaintiff Mathai was forced to taken FMLA leave.

21. Mr. Clarke made it mandatory that Plaintiff Mathai continue to be available for work through Plaintiff Mathai's leave.

22. When Plaintiff Mathai returned to work, Plaintiff Mathai continued to complain of his disparate, harassing and retaliatory treatment.

23. On or around May 31, 2019, Plaintiff Mathai was put on a retaliatory 30-Days Probation. Said Probation was for incorrect and discriminatory facts.

24. Finally, on or around June 3, 2019, Plaintiff Mathai could not take the discriminatory, harassing and retaliatory treatment and was forced to resign from his employment with Defendant.

25. Plaintiff Mathai was constructively discharged on or around June 3, 2019.

26. The above over describes a portion of the discriminatory, harassing and retaliatory actions taken against Plaintiff Mathai. Plaintiff Mathai reserves the right to amend his complaint as the case moves forward.

## COUNT I
## National Origin Discrimination – FCRA

27. Plaintiff Mathai realleges paragraphs 1-26 as if fully alleged herein.

28. This action is brought against Defendant pursuant to The Florida Civil Relations Act; Florida Statutes Chapter 760 ("Chapter 760").

29. At all times relevant, Defendant Centennial employed over fifteen (15) employees.

30. Defendant, through its agents or supervisors, engaged in a pattern and practice of unlawful discrimination by subjecting Plaintiff Mathai to disparate treatment based on his national origin and his race, Asian/Indian, in violation of Chapter 760.

31. The above-described discriminatory conduct adversely affected the terms and conditions of Plaintiff Mathai's employment and interfered with Plaintiff Mathai's emotional well-being.

32. Defendant at all times relevant hereto had actual and constructive knowledge of the conduct described in paragraphs 1-26.

33. As a result of the discriminatory actions perpetrated by Defendant and maintained by Defendant's failure to protect Plaintiff Mathai from further discrimination, Plaintiff Mathai suffered emotional distress.

34. Defendant violated Chapter 760 by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts and failures to act of their employees and management as described in paragraphs 1-26.

35. Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

36. Plaintiff Mathai is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other harassing and discriminatory practices against him which are not yet fully known. At such time as said harassing and discriminatory practices become known to him, Plaintiff Mathai will seek leave of Court to amend this Complaint in that regard.

37. Plaintiff Mathai dual-filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant on or around August 7, 2019, and August 26, 2019. Over 180 days have passed since the filing of Plaintiff Mathai's charges.

38. Accordingly, Plaintiff Mathai has exhausted his administrative remedies.

39. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against him, Plaintiff Mathai has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress and he has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities subject to mitigation due to the job Claimant obtained after discharge. Plaintiff Mathai is thereby entitled to general and compensatory damages in amounts to be proven at trial.

40. Defendant's actions in violating Chapter 760 as described above were intentional, were done with malice and were done with disregard of Plaintiff Mathai's rights. Plaintiff Mathai is entitled to punitive damages in an amount to be determined.

41. As a further direct and proximate result of Defendant's violation of Chapter 760, as heretofore described, Plaintiff Mathai has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which

are presently unknown to Plaintiff Mathai, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff Mathai requests that attorneys' fees and costs be awarded pursuance to Chapter 760 and applicable State law.

42. Plaintiff Mathai demands trial by jury on all issues so triable.

Wherefore, Plaintiff Mathai prays this Court award judgment in his favor against Defendant Centennial for compensatory damages including mitigated back pay, mitigated front pay (or reinstatement) and damages for emotional distress, pain and suffering and mental anguish, punitive damages, pre- and post-judgment interest, attorneys' fees, costs and such other relief as this Court deems proper.

## COUNT II
### Race Discrimination – FCRA

43. Plaintiff Mathai realleges paragraphs 1-26 as if fully alleged herein.

44. This action is brought against Defendant pursuant to The Florida Civil Rights Act; Florida Statutes Chapter 760 ("Chapter 760").

45. At all times relevant, Defendant Centennial employed over fifteen (15) employees.

46. Defendant, through its agents or supervisors, engaged in a pattern and practice of unlawful discrimination by subjecting Plaintiff Mathai to disparate treatment based on his race, Asian/Indian, in violation of Chapter 760.

47. The above-described discriminatory conduct adversely affected the terms and conditions of Plaintiff Mathai's employment and interfered with Plaintiff Mathai's emotional well-being.

48. Defendant at all times relevant hereto had actual and constructive knowledge of the conduct described in paragraphs 1-26.

49. As a result of the discriminatory actions perpetrated by Defendant and maintained by Defendant's failure to protect Plaintiff Mathai from further discrimination, Plaintiff Mathai suffered emotional distress.

50. Defendant violated Chapter 760 by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts and failures to act of their employees and management as described in paragraphs 1-26.

51. Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

52. Plaintiff Mathai is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other harassing and discriminatory practices against him which are not yet fully known. At such time as said harassing and discriminatory practices become known to him, Plaintiff Mathai will seek leave of Court to amend this Complaint in that regard.

53. Plaintiff Mathai dual-filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Rights ("FCHR") against Defendant on or around August 7, 2019, and August 26, 2019. Over 180 days have passed since the filing of Plaintiff Mathai's charges.

54. Accordingly, Plaintiff Mathai has exhausted his administrative remedies.

55. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against him, Plaintiff Mathai has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress and he has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities subject to mitigation due to

the job Claimant obtained after discharge. Plaintiff Mathai is thereby entitled to general and compensatory damages in amounts to be proven at trial.

56. Defendant's actions in violating Chapter 760 as described above were intentional, were done with malice and were done with disregard of Plaintiff Mathai's rights. Plaintiff Mathai is entitled to punitive damages in an amount to be determined.

57. As a further direct and proximate result of Defendant's violation of Chapter 760, as heretofore described, Plaintiff Mathai has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff Mathai, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff Mathai requests that attorneys' fees and costs be awarded pursuance to Chapter 760 and applicable State law.

58. Plaintiff Mathai demands trial by jury on all issues so triable.

Wherefore, Plaintiff Mathai prays this Court award judgment in his favor against Defendant Centennial for compensatory damages including mitigated back pay, mitigated front pay (or reinstatement) and damages for emotional distress, pain and suffering and mental anguish, punitive damages, pre- and post-judgment interest, attorneys' fees, costs and such other relief as this Court deems proper.

## COUNT III
### Retaliation – FCRA

59. Plaintiff Mathai realleges paragraphs 1-26 as if fully alleged herein.

60. This action is brought against Defendant pursuant to The Florida Civil Rights Act; Florida Statutes Chapter 760 ("Chapter 760").

61. At all times relevant, Defendant Centennial employed over fifteen (15) employees.

62. Plaintiff Mathai complained of discrimination and harassment based on his national origin, race and age to Ms. Rasmussen and Human Resources on several occasions beginning in or around the end of 2018, through to the end of Plaintiff Mathai's employment.

63. Plaintiff Mathai was immediately put under increased scrutiny, was denied promotions, was written up for things that non-complaining co-workers were not written up for, etc.

64. Plaintiff Mathai continued to complain of his disparate treatment and the retaliation.

65. On or around May 31, 2019, Plaintiff Mathai was placed on a retaliatory 90-Days Probation.

66. On or around June 3, 2019, Plaintiff Mathai was constructively discharged.

67. Defendant engaged in retaliation against Plaintiff Mathai after he engaged in protected activity by subjecting Plaintiff Mathai to further hostility, further discrimination, increased scrutiny, passing over him for bonuses and raises, passing over him for promotions and ultimately constructively discharging Plaintiff Mathai.

68. The above described retaliatory conduct adversely affected the terms and conditions of Plaintiff Mathai's employment and interfered with Plaintiff Mathai's emotional well-being.

69. As a result of the retaliatory actions perpetrated by Defendant and maintained by Defendant's failure to protect Plaintiff Mathai from further retaliation, Plaintiff Mathai suffered emotional distress.

70. Plaintiff Mathai is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other retaliatory practices against

him which are not yet fully known. At such time as said retaliatory practices become known to him, Plaintiff Mathai will seek leave of this Court to amend this Complaint in that regard.

71. Plaintiff Mathai dual-filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Rights ("FCHR") against Defendant on or around August 7, 2019, and August 26, 2019. Over 180 days have passed since the filing of Plaintiff Mathai's charges.

72. Accordingly, Plaintiff Mathai has exhausted his administrative remedies.

73. As a direct and proximate result of Defendant's willful, knowing and intentional retaliation against him, Plaintiff Mathai has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress and he has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities subject to mitigation due to the job Claimant obtained after discharge. Plaintiff Mathai is thereby entitled to general and compensatory damages in amounts to be proven at trial.

74. Defendant's actions in violating Chapter 760 as described above were intentional, were done with malice and were done with complete disregard of Plaintiff Mathai's rights. Plaintiff Mathai is entitled to punitive damages in an amount to be determined.

75. As a further direct and proximate result of Defendant's violation of Chapter 760, as heretofore described, Plaintiff Mathai has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff Mathai, who therefore will seek leave of this Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff Mathai

requests that attorneys' fees and costs be awarded pursuant to Chapter 760 and applicable State law.

76. Plaintiff Mathai demands trial by jury on all issues so triable.

Wherefore, Plaintiff Mathai prays this Court award judgment in his favor against Defendant Centennial for compensatory damages including mitigated back pay, mitigated front pay (or reinstatement) and damages for emotional distress, pain and suffering and mental anguish, punitive damages, pre- and post-judgment interest, attorneys' fees, costs and such other relief as this Court deems proper.

Dated: February 18, 2020

Respectfully Submitted,

/s/ Kathryn C. Hopkinson
**Kathryn C. Hopkinson, Esq.**
Florida Bar No.: 0102666
khthompsonlegal@gmail.com
**James M. Thompson, Esq.**
Florida Bar No.: 0861080
jmthompsonlegal@gmail.com
mkthompsonlegal@gmail.com
agthompsonlegal@gmail.com

THOMPSON LEGAL CENTER, LLC

777 S. Harbour Island Blvd., Suite 245
Tampa, Florida 33602
(813) 769-3900 • (813) 425-3999 Fax

*Counselors for Plaintiff Mathai*